### JNO. W. REYNOLDS *v.* W. D. NELSON et al.

**Lands not Assets in Hands of Administrator — Administrator as Commissioner to Sell Land Belonging to Estate.**

Lands are not assets in the hands of administrators of intestates' estates. Although the chancellor orders a sufficiency sold to pay the intestate's debts, yet the court should make the sale through its commissioner and by proper orders distribute the proceeds, and should the court select one of the administrators as a commissioner to sell land, this would impose no new burden on him as administrator nor additional liability on his securities. The placing of the funds from such sale in his hands by order of the court is as a commissioner of the court, and not as administrator.

APPEAL FROM ESTILL CIRCUIT COURT.

April 24, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Lands are not assets in the hands of the administrators of intestates' estates, and although the chancellor may order a sufficiency sold to pay the intestate's debts which remains after exhausting the personal assets, yet this court should make this sale through the agency of its own commissioner and by proper orders distribute the proceeds among the creditors, and should the court, as in this case, select one of the administrators as a commissioner, still this would impose no new burdens on him as administrator nor additional liabilities on his securities.

It is the duty of the court to watch and guard the proceeds of all sales made by his orders, and it is to be regarded as under his custody until he shall by proper orders place it under some other legal custodian.

As Childs collected the proceeds of the land sold by him under the orders of the court without authority, the court need not have approved the deeds made by him to the purchasers, and should not have done so until fully satisfied as to the security of the funds, as payments by these purchasers to this commissioner, not authorized to collect, were made in their own wrong, and the court should have withheld the title until the money was produced in court, or Childs had executed bond with good security as a receiver.

But, however erroneous the action of the court, neither his coadministrator nor their sureties can be held responsible on the administration bond for his money. No covenants in the bond obligate them for any action of Childs under the appointment of the court; proceeds of land sold by the chancellor to pay intestate's debt are not assets in the hands of administrators; they are not its legal custodians, and if placed in their hands by order of the court it is as commissioner of the court and not as administrator.

Although Reynolds was a judgment creditor of the intestate, yet he cannot resort to the covenants of the administration bond for the loss of the proceeds of the land sold by the judgment of the court to pay the creditors of the intestate and which went into the hands of Childs, one of the administrators, under his appointment as commissioner to sell the lands and report the sale and bonds of the purchasers to court, which he did, but which he afterward collected without any authority from the court, but which unauthorized action was recognized by the court in the approval of the deeds made by Childs to the purchasers.

The court, therefore, properly refused relief to Reynolds as against Childs' coadministrator and securities.

Wherefore, the judgment is affirmed.

*C. F. Burnam,* for Appellant.